# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
November 12, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**THEODORE B. STUART,**
**Claimant Below, Petitioner**

**vs.)    No. 13-1229**  (BOR Appeal No. 2048547)
(Claim No. 2009090183)

**WEST VIRGINIA DIVISION OF JUVENILE SERVICES,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Theodore B. Stuart, by George Zivkovich, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Division of Juvenile Services, by H. Dill Battle III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 22, 2013, in which the Board affirmed a June 14, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 8, 2012, decision denying authorization for a lumbar spine MRI; an EMG of the left lower extremity; and the medications Vicodin, Neurontin, and Flexeril. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Stuart was injured on April 29, 2009, while participating in a form of pressure point control training. On May 21, 2009, the claims administrator held the claim compensable for lumbar strain, lumbosacral strain, and sacroiliac strain. Mr. Stuart has a well-documented history of back problems predating the April 29, 2009, compensable injury. On February 1, 2007, a lumbar spine MRI revealed mild to moderate degenerative spondylosis with a small annular fibrosis tear. A second lumbar spine MRI performed on September 29, 2007, revealed

1

degenerative disc disease with a mild bulge and annular tear at L5-S1 without a disc herniation or spinal stenosis, along with mild facet arthritic changes at the L5-S1 level. Another MRI performed on May 28, 2009, revealed facet arthritic changes at L4-5 and degenerative disc disease with a mild bulge and mild facet arthritic changes at L5-S1.

Following the April 29, 2009, injury, Mr. Stuart began treating with Michael Shramowiat, M.D., who treated him with various medications. Dr. Shramowiat has also made numerous requests for authorization of diagnostic imaging. Sushil Sethi, M.D., performed an independent medical evaluation on August 18, 2009. He opined that the compensable soft tissue injuries had resolved long ago, and further opined that Mr. Stuart's current treatment is unrelated to the compensable injuries. On January 15, 2010, Marsha Lee Bailey, M.D., performed an independent medical evaluation. She opined that Mr. Stuart's ongoing complaints are solely the result of degenerative disc disease and degenerative joint disease and are unrelated to the compensable injuries. She further opined that additional treatment is unnecessary in relation to the compensable injuries and stated that Mr. Stuart's ongoing treatment is aimed at treating degenerative changes unrelated to the compensable injuries.

On October 6, 2011, Rebecca Thaxton, M.D., performed a records review and opined that the use of the medications Vicodin, Neurontin, and Flexeril should not be authorized in the instant claim, and noted that the claims administrator is not currently authorizing the use of those medications. On April 3, 2012, a repeat lumbar spine MRI was performed and revealed a disc protrusion at L5-S1 with mild facet arthropathy and minimal Grade I retrolisthesis of L5 on S1. On April 6, 2012, James Dauphin, M.D., performed a physician's review. He opined that a request from Dr. Shramowiat for authorization of a lumbar spine MRI; an EMG of the left lower extremity; and the medications Vicodin, Neurontin, and Flexeril should be denied. Dr. Dauphin further opined that the requested medications are most likely related to treatment of degenerative disc disease unrelated to the compensable injury. Finally, he stated that there is no need to repeat an MRI on a two-year-old uncomplicated lumbar spine sprain.

The claims administrator denied Dr. Shramowiat's request for authorization of a lumbar spine MRI; EMG of the left lower extremity; and the medications Vicodin, Neurontin, and Flexeril on June 8, 2012. On February 9, 2013, Dr. Shramowiat was deposed. He testified that he requested authorization for a repeat lumbar spine MRI and EMG because Mr. Stuart complained of persistent leg pain. He further testified that the disc protrusion seen on the April 3, 2012, MRI could be the result of degenerative changes arising from the 2009 compensable injury. However, he went on to state that he is not certain that the 2009 compensable injury was severe enough to cause a progression of Mr. Stuart's known pre-existing degenerative disc disease.

In its Order affirming the June 8, 2012, claims administrator's decision, the Office of Judges held that the preponderance of the evidence does not support the authorization of a lumbar spine MRI; an EMG of the left lower extremity; and the medications Vicodin, Neurontin, and Flexeril. Mr. Stuart disputes this finding and asserts that the evidence of record demonstrates that the requested medical treatment should be authorized.

The Office of Judges relied on the opinions of Dr. Thaxton and Dr. Bailey, who collectively opined that authorization of the requested lumbar spine MRI; EMG of the left lower extremity; and the medications Vicodin, Neurontin, and Flexeril should be denied. The Office of Judges also relied on Dr. Sethi's determination that further treatment is not necessary in relation to the compensable injury. Additionally, the Office of Judges noted that on August 18, 2011, it affirmed the claims administrator's October 16, 2009, denial of Dr. Shramowiat's request to add lumbar radiculopathy as a compensable component of the claim. Also on August 18, 2011, the Office of Judges affirmed February 26, 2010; May 6, 2010; and March 22, 2010, claims administrator's decisions denying authorization for a lumbar myelogram, physical therapy, and a reopening of Mr. Stuart's claim for further consideration of temporary total disability benefits based on a finding that Mr. Stuart's current condition arises from pre-existing degenerative changes and is unrelated to the 2009 compensable injury. The Board of Review affirmed both August 18, 2010, Orders of the Office of Judges on January 25, 2013, and this Court affirmed the Board of Review's decision on June 11, 2014. Finally, the Office of Judges concluded that the requested lumbar spine MRI; EMG of the left lower extremity; and the medications Vicodin, Neurontin, and Flexeril do not constitute reasonable and necessary medical treatment in relation to the compensable soft tissue injury of April 29, 2009. The Board of Review reached the same reasoned conclusions in its decision of November 22, 2013. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 12, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II